IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00723-MSK-MEH

NEW AGE ELECTRONICS, INC., a California corporation,

       Plaintiff,

v.

SPECTRUM COMMUNICATIONS GROUP INC., a Colorado corporation, and
RANDY HAUGEN, an individual,

       Defendants.

## ORDER ON MOTIONS TO DISMISS AND FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court on Defendant Randy Haugen's Motion to Dismiss **(#13)** and supporting brief **(#14)**, to which the Plaintiff responded **(#15)**, and Mr. Haugen did not reply. Also before the Court is the Plaintiff's Motion for Default Judgment **(#31)**, to which no response has been filed. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

The Plaintiff, New Age Electronics, Inc. ("New Age"), commenced this action against the Defendants, Spectrum Communications Group Inc. ("Spectrum") and Randy Haugen. New Age's claims arise from a $1 million surety bond, pursuant to which New Age agreed to provide

funds to Spectrum. In turn, Spectrum would procure consumer electric goods. New Age alleges that on February 24, 2006, it placed an order for 500 Sony Playstation Portable Handheld units and paid $103,500 to Spectrum, but Spectrum never delivered the goods.

New Age asserts four state law claims against Spectrum and Mr. Haugen. Claim 1 is a breach of contract claim. Although it is asserted against both Spectrum and Mr. Haugen, it only alleges conduct by Spectrum. Claim 2 is also a contractual claim and is derivative of Claim 1. It requests an accounting. Claim 3 alleges fraud in the inducement; specifically, that Spectrum and Haugen fraudulently induced New Age enter into the surety bond/purchase order arrangement by misrepresentation and concealment. Claim 4 alleges negligent misrepresentation by Spectrum and Haugen to New Age..

Spectrum and Mr. Haugen filed an Answer **(#12)** to the Complaint. That same day, Mr. Haugen moved **(#13)** to dismiss the breach of contract and accounting claims pursuant to Fed. R. Civ. P. 12(b)(6). New Age opposes **(#15)** the motion.

Subsequently, counsel for both Spectrum and Mr. Haugen moved **(#25, #26)** to withdraw. At a hearing held September 6, 2006, the Court granted the motions. In doing so, it acknowledged that Spectrum, as a corporation, cannot appear without counsel, and advised the parties that it would entertain a motion for default judgment, if appropriate. The Court gave Spectrum 30 days to retain new counsel. Since that hearing, no attorney has entered an appearance on behalf of Spectrum.

Approximately two months after the hearing, New Age moved **(#31)** for the entry of default judgment against Spectrum. The motion is premised solely upon the fact that no new counsel has entered an appearance on behalf of Spectrum.

### III. Issues Presented

The first issue presented is whether the Court should dismiss the two contract claims asserted against Mr. Haugen pursuant to Fed. R. Civ. P. 12(b)(6). The second issue presented is whether the Court should enter a default judgment against Spectrum solely because it has not retained new counsel.

### IV. Analysis

**A. Motion to Dismiss**

Mr. Haugen moves to dismiss the contractual claims (Claims 1 and 2) pursuant to Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to a plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if a plaintiff can allege no set of facts in support of its claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

Mr. Haugen's motion does not identify the elements of a breach of contract claim, nor what elements he contends are not addressed by the Complaint's allegations. However, he argues that there are insufficient allegations to demonstrate that he had a contractual obligation to perform. New Age responds that it has alleged sufficient facts to demonstrate Mr. Haugen's individual liability, and, if it has not, then it can do so in an Amended Complaint. New Age further contends that Mr. Haugen waived his right to file a motion under Rule 12(b)(6) because he filed an Answer.

First, the Court rejects the assertion that Mr. Haugen waived his right to move for dismissal of claims under Rule 12(b)(6). He filed the motion simultaneously with his Answer, which expressly refers to the motion to dismiss. Furthermore, under Rule 12(h)(2), a defense of failure to state a claim can be asserted in an Answer.

To state a claim for breach of contract, a plaintiff must allege facts which would establish that: (1) there was a contract; (2) the plaintiff performed its obligations under the contract or has a justification for nonperformance; (3) the defendant failed to perform its contractual obligations; and (4) injury resulted. *See Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).[1] The Complaint contains no allegations that Mr. Haugen was a party to any contract or that he failed to perform any contractual obligations, and New Age fails to identify any factual allegations which it could allege to cure these deficiencies. Therefore, New Age has failed to state a claim for breach of contract, or for an accounting under the contract, against Mr. Haugen.

It appears that New Age desires to pierce the corporate veil to hold Mr. Haugen liable for any breach of contract by Spectrum. However, no factual allegations sufficient to state such a claim have been made. As a consequence, the Court dismisses Claims 1 and 2 against Mr. Haugen.

**B. Motion for Default Judgment**

New Age's motion for the entry of a default judgment against Spectrum is premised upon the Court's advisement that it would entertain such a motion, Fed. R. Civ. P. 55(b), and the mere fact that Spectrum has not retained new counsel. The motion cites no other legal authority for the

---

[1] The parties both rely upon Colorado law in their respective briefs, and apparently agree that Colorado law governs the asserted claims.

imposition of this sanction.

There is nothing that the Court has ordered Spectrum to do that it has failed to do. So long as it is not represented by counsel, it cannot participate in this litigation. *See* D.C.COLO.LCivR 83.3(D). That may lead to entry of a default as a sanction for non-performance of a court ordered obligation, but there is nothing to sanction at this time. Therefore, the motion for entry of a default judgment is denied.

**IT IS THEREFORE ORDERED** that:

(1) Defendant Randy Haugen's Motion to Dismiss **(#13)** is **GRANTED**. Claims 1 and 2 against Mr. Haugen are dismissed.

(2) The Plaintiff's Motion for Default Judgment **(#31)** is **DENIED**.

Dated this 1st day of February, 2007

                                               **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                               Marcia S. Krieger
                                               United States District Judge