IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00723-MSK-MEH

NEW AGE ELECTRONICS, INC.,
a California corporation,

       Plaintiff,

v.

SPECTRUM COMMUNICATIONS GROUP INC.,
a Colorado corporation, and
RANDY HAUGEN, an individual,

       Defendants.

---

### RECOMMENDATION ON PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

---

The Plaintiff, New Age Electronics, Inc. ("New Age"), has filed a Motion for Sanctions against both Defendants (Docket #37). The Motion has been referred to this Court. For the following reasons, the Court recommends that the Motion be **granted** and that default judgment be entered against Defendants.

### I.    Factual and Procedural Background

The following facts were summarized by District Judge Marcia Krieger in her Order of February 2, 2007. New Age commenced this action against the Defendants, Spectrum Communications Group Inc. ("Spectrum") and Randy Haugen. New Age's claims arise from a $1 million surety bond, pursuant to which New Age agreed to provide funds to Spectrum. In turn, Spectrum would procure consumer electronic goods. New Age alleges that on February 24, 2006, it placed an order for 500 Sony Playstation Portable Handheld units and paid $103,500 to Spectrum, but Spectrum never delivered the goods. New Age originally asserted four state law claims against

Spectrum and Mr. Haugen. Claim 1 was a breach of contract claim. Although it was asserted against both Spectrum and Mr. Haugen, it only alleged conduct by Spectrum. Claim 2 was also a contractual claim and is derivative of Claim 1. It requests an accounting. Claim 3 alleged fraud in the inducement; specifically, that Defendants Spectrum and Haugen fraudulently induced New Age to enter into the surety bond/purchase order arrangement by misrepresentation and concealment. Claim 4 alleged negligent misrepresentation by Spectrum and Haugen to New Age. Judge Krieger dismissed Claims 1 and 2 as against Defendant Haugen on February 2, 2007.

New Age now moves for sanctions based upon Defendants' failure to provide discovery which was ordered by the Court and upon Defendant Haugen's failure to attend his deposition which was scheduled for February 1, 2007.

First, on January 10, 2007, Mr. Haugen was ordered by this Court to provide Rule 26 disclosures, which he had never provided, on or before January 16, 2007. Mr. Haugen did not comply with the Court's Order and has not to date submitted those disclosures. That Order also set the discovery deadline as February 16, 2007.

Second, on January 24, 2007, Plaintiff submitted its Amended Notice of Deposition of Randy Haugen, setting February 2, 2007, as the date for Mr. Haugen's deposition. Mr. Haugen did not attend his deposition, nor did he seek relief from this Court to prevent the deposition from going forward.

Third, on December 13, 2006, Plaintiff submitted its First Set of Interrogatories and Request for Production of Documents to Defendants. Mr. Haugen supplied limited and, in part, inadequate answers to these discovery requests but did not provide verified responses as required by the Federal Rules of Civil Procedure. Defendant Spectrum did not respond whatsoever and, indeed, has been

2

unrepresented by counsel since September 6, 2006.

Finally, this Court will note that it has engaged in extensive settlement negotiations with the parties by telephone for the past several months. It is clear to this Court from such contact with Mr. Haugen that he has moved to New Mexico and does not intend to further participate in this litigation.

Due to Defendants' failure to respond to the Motion for Sanctions in a timely fashion, on March 8, 2007, the Court issued an Order to Show Cause to Defendants requiring them to show cause why judgment should not enter against Defendants for failure to comply with Court orders and participate in this lawsuit, setting a deadline of March 19, 2007. Defendants have not responded.

**II.     Discussion**

Pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Court may issue a default against Defendants as a sanction. This Court believes that this is the only appropriate sanction for this situation. In *EBI Securities Corp. v. Net Command Tech, Inc.*, 85 Fed. Appx. 105, 2003 WL 22995502 (10th Cir. Dec. 22, 2003), the court identified factors that this Court should consider prior to recommending that default judgment be entered:

> Thus, "due process requires that 'failure' [to comply with a discovery request/order] is a sufficient ground only when it is the result of willfulness, bad faith, or some fault of [the offending party] rather than inability to comply." *M.E.N. Co.,* 834 F.2d at 872 (internal quotations omitted). We have "defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' " *Id.* at 872-73 (quoting *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir.1987)).
>
> It is also necessary for a district court to ensure that default judgment is a "just" sanction for the offending party's misconduct. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 920-21 (10th Cir.1992) (discussing dismissal of claims as a sanction under Rule 37(b)(2)). Thus, in addition to considering the culpability of the offending party, the district court also typically should consider a number of other factors on the record, including (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the

3

>court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions. *See id.* at 921. "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider" in selecting a sanction. *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction." *Id.* (internal quotations omitted).

85 Fed. Appx. at 108.  Applying these criteria to this case, the Court makes the following determinations:

1. Defendants' conduct is willful. During settlement negotiations, Defendant Haugen made clear that he understood that the Order to Show Cause had been issued.

2. Plaintiff has been almost completely prevented from obtaining discovery in this lawsuit, in which over $100,000 in actual damages are at issue.

3. By failing to engage in discovery, failing to comply with Court orders, and moving out of the District with no apparent intent to participate in this lawsuit, Defendants have blocked the judicial process.

4. In 2006, Plaintiff moved for default judgment against Defendant Spectrum, which, although denied by Judge Krieger, gave Defendants notice that a default judgment was a risk in this case. Moreover, in its March 8, 2007 Order to Show Cause, the Court advised Defendants that it would recommend judgment be entered against Defendants for failing to comply with Court orders and participate in this lawsuit. Defendants did not respond.

5. The Court believes that there are no lesser sanctions available to the Court when a defendant has made clear that he or it will no longer participate in the judicial process.

Thus, given the Tenth Circuit's admonition, the Court believes that default judgment is the only proper sanction (especially since it appears that Defendants have no resources and could not possibly pay any monetary sanction, which would be a futile gesture). The aggravating factors here outweigh "the judicial system's strong predisposition to resolve cases on their merits," *id.* at 108,

because Defendants' actions have made a disposition on the merits impossible.

**III.   Conclusion**

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Discovery Sanctions [Filed February 8, 2007; Docket #37] be **granted** and that default judgment be entered against Defendants in this action for an amount to be determined by the District Judge either upon motion or by hearing. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 23rd day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).