IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00723-MSK-MEH

NEW AGE ELECTRONICS, INC., a California corporation,

        Plaintiff,

v.

SPECTRUM COMMUNICATIONS GROUP INC., a Colorado corporation, and
RANDY HAUGEN, an individual,

        Defendants.

## ORDER GRANTING MOTION FOR SANCTIONS

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation

**(#46)** that the Court grant the Plaintiff's Motion for Discovery Sanctions **(#37)** and enter a default

judgment against the Defendants. Having considered the same, and the entire record in this

matter, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff, New Age Electronics, Inc. ("New Age"), commenced this action against the

Defendants, Spectrum Communications Group Inc. ("Spectrum") and Randy Haugen. New

Age's claims arise from a $1 million surety bond, pursuant to which New Age agreed to provide

funds to Spectrum in exchange for consumer electric goods. New Age alleges that on February

24, 2006, it placed an order for 500 Sony Playstation Portable Handheld units and paid $103,500

to Spectrum, but Spectrum never delivered the goods.

New Age asserts four state law claims against Spectrum; two are also against Mr.

Haugen.  Claim 1 is a breach of contract claim against Spectrum.  Claim 2 is also a contractual

claim against Spectrum, and requests an accounting.  Claim 3 alleges fraud in the inducement by

both Spectrum and Mr. Haugen.  Finally, Claim 4 alleges  negligent misrepresentation by

Spectrum and Mr. Haugen.

At a hearing held last September, the Court granted a motion allowing defense counsel to

withdraw.  Mr. Haugen has proceeded *pro se* since that hearing.  The Court advised Spectrum

that, because it is a corporation, it cannot appear without counsel.  Since that time, no attorney

has entered an appearance on behalf of Spectrum.

Subsequently, New Age moved for the entry of default judgment against Spectrum

because it had not retained new counsel.  The Court denied the motion, stating that a default

judgment could not be entered simply because a defendant had no counsel.  It further stated,

however, that if Spectrum failed to do something which it was ordered to do, it could lead to the

entry of a default.

New Age then filed the instant Motion for Discovery Sanctions under Fed. R. Civ. P.

37(b) and (d).  It contends that both Spectrum and Mr. Haugen have failed to comply with the

Magistrate Judge's Order of January 10, 2007, granting a motion to compel discovery.[1]  The

January 10, 2007 Order required both Defendants to provide their initial disclosures under Fed. R.

Civ. P. 26(a)(1) by January 16, 2007.[2]  New Age also contends that Mr. Haugen failed to attend

his deposition which was scheduled for February 1, 2007.  It further claims that responses it

---

[1] Previously, the Magistrate Judge ordered **(#17)** that initial disclosures under Fed. R. Civ. P. 26(a)(1) were due on July 26, 2006.  New Age sought to compel these disclosures.

[2] The Order contains a typographical error and sets a deadline of January 16, 2006.  It is obvious, however, that the deadline was prospective, not retrospective.

received to written discovery are deficient and not signed under oath.

The motion for sanctions was filed on February 8, 2007. One month later, and because neither Defendant responded to the motion, the Magistrate Judge issued an Order **(#42)** directing the Defendants to show cause by March 19, 2007, why a default judgment should not be entered against them for failing to comply with Court orders. The Defendants did not respond to that Order.

The Magistrate Judge then issued a Recommendation **(#46)** that a default judgment be entered as a sanction against the Defendants. He concluded that such sanction appeared to be the only appropriate sanction, and found that: (1) the Defendants' conduct is willful; (2) the Plaintiff has been almost completely prevented from obtaining discovery; (3) the Defendants' conduct has blocked the judicial process; (4) the Court previously gave the Defendants notice that noncompliance with Court Orders could result in the entry of a default judgment; and (5) no lesser sanctions are appropriate, given that the Defendants have made it clear that they will no longer participate in the judicial process. The Recommendation gave the Defendants ten days to file objections; none were timely filed.[3]

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have

---

[3] On May 7, 2007, Mr. Haugen sent a letter to Magistrate Judge Hegarty expressing his interest in participating in this litigation. Because he is *pro se*, the Court construes this letter liberally as an objection to the Recommendation. However, such objection was filed six weeks after the Recommendation was issued, was therefore not timely filed, and is not directed at any specific aspect of the Recommendation.

been directed.  28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).  When no objections are filed, a district court may apply whatever standard of review it deems appropriate.  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Although not required, the Court has elected *de novo* review.  Pursuant to Fed. R. Civ. P. 37(b)(2)(C), when a party fails to comply with a discovery order, the Court may impose a default judgment against the disobedient party as a sanction.  Before the Court can impose such a sanction, it must consider the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the prejudice to the Plaintiff which resulted from the Defendants' conduct; (2) the extent to which the Defendants' conduct interfered with the judicial process; (3) the Defendants' culpability; (4) whether the Court warned the Defendants that a default judgment was a possible sanction for their conduct; and (5) whether a lesser sanction would have any efficacy.  These are the factors considered by the Magistrate Judge.

The Court agrees with the Magistrate Judge's assessment of the *Ehrenhaus* factors.  To date, neither Spectrum nor Mr. Haugen has provided initial disclosures to New Age, in violation of multiple Court orders.  Mr. Haugen failed to appear for his deposition.  Neither Defendant responded to the motion for sanctions, to the Magistrate Judge's Order to Show Cause, or to the Recommendation.  It is apparent that the Defendants have failed to comply with at least three Court Orders and have prevented the Plaintiff from obtaining discovery.  It is also apparent that the Defendants have refused to participate in this litigation and have hampered the Plaintiff's ability to prepare for trial.  In short, there is no lesser sanction which can be effective.

**IT IS THEREFORE ORDERED** that:

(1)     The Court **ADOPTS** the Magistrate Judge's Recommendation **(#46).**

4

(2)      The Plaintiff's Motion for Discovery Sanctions **(#37)** is **GRANTED**.

(3)      A default judgment shall enter against the Defendants.  Within 10 days of this

Order, the Plaintiff shall provide to the Court a proposed form of judgment which

complies with the requirements of MSK Civ. Practice Standard V.I.1.f.

(4)      All deadlines, hearings and the trial set in this matter are vacated.

Dated this 9th day of May, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge